**UNITED STATES of America**

v.

**Clifton GREGORY.**

**Crim. No. 204-65.**

United States District Court
District of Columbia.

March 31, 1967.

Charles L. Owen, Asst. U. S. Atty., Washington, D. C., for plaintiff.

John A. Shorter, Jr., Washington, D. C., for defendant.

## MEMORANDUM

GASCH, District Judge.

On Friday, March 17, 1967, this Court ruled that the Government could put on as a witness in the above capital case a person whose name and address had not been placed on the list of witnesses supplied to the defendant pursuant to 18 U.S.C. § 3432, since the name of the witness was not known to the Government at the time the trial began. The ruling was made subject to a motion to reconsider, on which argument was heard on Monday, March 20, 1967. The order embodying the ruling also stated that an opinion would be written subsequently setting forth the basis of the ruling because of the importance of the question to the defendant, who is charged with

felony murder, second degree murder, and robbery.

On March 20, 1967, the Court heard counsel for the defendant and for the Government on this question. Counsel for the defendant raised the issue at that time that the Government either knew or should have known of the existence of the witness in question, Cleveland Bryant, prior to the trial, and asked the Court to hold a hearing to determine whether in fact the police or the United States Attorney's Office knew or should have known the identity of the witness. The Court granted that request, despite representations of the Assistant United States Attorney trying the case that he personally did not know of the witness until his name was mentioned from the stand by another witness on Thursday, March 16, 1967.

The hearing was held on Tuesday, March 21, 1967, out of the presence of the jury. The Court stated on the record its view that 18 U.S.C. § 3432, in mandatory terms, requires the Government to provide the defendant with a list of the witnesses it proposes to put on to prove its case three days prior to the trial. The Court made it clear to the Assistant United States Attorney trying the case that unless the Government showed satisfactory reasons for not having included the name of this witness on the capital list, the Court was prepared to exclude his testimony. (Tr. 853–54.) Thereupon the Assistant United States Attorney offered the testimony of three police officers, Patrick L. Burke, Lewis W. Harris, and Robert P. Jones. It appears from the transcript of the hearing that another witness, George Matthews, probably knew that the witness Bryant might be able to identify the defendant as the person who ran through a service station shortly after the Brown's Liquor Store holdup and shooting. Matthews' explanation of his failure to furnish the police with the name of the witness Bryant prior to the trial is that he did not wish to get Bryant involved. (Tr. 1351, 1352–59.) It also appears from the transcript, and from statements made by the Assist-

ant United States Attorney on other occasions, that he and at least one of the police officers knew that another individual was with the witness Matthews in the service station at the time the person identified as the defendant ran through, but that the witness Matthews did not, until Thursday, March 16, 1967, state the name of that other individual, when he did so from the witness stand. On the basis of this record, the Court would not be justified in concluding that the United States Attorney or the police officers were negligent in failing to find the witness Bryant prior to Thursday, March 16, 1967. The Government cannot be held responsible for the decision of a witness to withhold information from it if it has been reasonably diligent in examining the witness prior to the trial as to the extent of his knowledge of the events surrounding the crime.

Upon the conclusion of the hearing and it appearing that the Government had been reasonably diligent, the Court ruled that the testimony of Cleveland Bryant could be received in evidence.

Counsel for the defendant, at the conclusion of the hearing, argued that the confrontation of this witness during the middle of the trial rather than prior to the beginning of the trial created a prejudicial disadvantage for the defendant. The argument appears to be that the defendant is in a better position to prepare his case if he knows the entire scope of the Government's case prior to trial rather than learning of it as the trial progresses. However, it is difficult to find any real merit in this argument as it applies to the testimony of the witness Bryant. Counsel for defendant does not allege that he had insufficient time to examine the witness prior to the time the witness took the stand. Had that been true, the Court would have ordered a further delay in the testimony of the witness to allow for adequate preparation. As it is, counsel had four full days between March 16, 1967, and March 21, 1967, to investigate and examine the witness.

Counsel for defendant advised the Court that he did, in fact, interview the

witness over the weekend. The record is clear that counsel was well prepared to proceed with cross-examination of the witness when he took the stand on Tuesday, March 21, 1967. Moreover, counsel had been given an earlier opportunity to interview the witness on Thursday, March 16, 1967, when the witness was available in the courthouse. Counsel declined that opportunity because of his feeling that an interview would constitute a waiver of his objection to the witness testifying. Finally, the defense was served with a supplemental witness list on Friday; March 17, 1967, which included the name and address of Cleveland Bryant.

This brings us to the legal question posed by the presentation of a witness for the Government during the course of the trial whose name has not been included on the list of witnesses required to be furnished the defendant three days prior to the trial pursuant to 18 U.S.C. § 3432.

The leading United States Supreme Court case on this statutory provision is Logan v. United States, 144 U.S. 263 at 304 et seq., 12 S.Ct. 617, 36 L.Ed. 429 (1892). In that case, the Government had delivered no list of witnesses whatever to the defendant prior to the trial, and the Court stated, "The provision is not directory only, but mandatory to the government; and its purpose is to inform the defendant of the testimony which he will have to meet, and to enable him to prepare his defense." However, the Court qualified this statement somewhat by another, at p. 306, 12 S.Ct. at p. 631:

"There is no occasion to consider how far, had the government delivered to the defendants, as required by the statute, lists of the witnesses to be produced for proving the indictments, particular witnesses, afterwards coming to the knowledge of the government, or becoming necessary by reason of unexpected developments at the trial, might be permitted, on special reasons shown, and at the discretion of the court, to testify in the case."

The question was considered in this jurisdiction the following year in United States v. Schneider, 21 D.C. 381 at 412 et seq., (Sup.Ct.D.C.1893). In this case, after the close of the defendant's presentation, the prosecutor offered to put on a witness to prove a material fact, stating that he had not known of the witness until after the defense had begun its case. The opinion of the Court states:

"The evidence was objected to on the part of the defendant, first, because the name of the witness was not included in the list furnished to the prisoner, and secondly, because the proposed testimony was not rebutting, but was properly testimony in chief."

The Court then made the following statement, at p. 413:

"[T]he statute never was intended to preclude the United States from making use of any material testimony discovered during the progress of the trial, and all that it exacts of the prosecuting officer is that he shall, in good faith, furnish to the prisoner before the trial, the names of all the witnesses then known to him and intended to be used at the trial."

As to the question whether the evidence was proper rebuttal, the Court said:

"There may be a doubt whether it was strictly rebutting evidence, but, still, it does not follow that there was error in admitting it, for the simple reason that the order of proof may be regulated by the trial justice, in his sound discretion, and it is not only his right, but his duty, where, in his judgment, justice requires it, to admit evidence at any stage of the case, though the party has no strict right to offer it. And it has been repeatedly held, under this head, that he may admit evidence in criminal cases which is strictly evidence in chief, after the defendant's case is closed."

Thirteen years earlier, in United States v. Neverson, 12 D.C. 152, 1 Mackey 152 (Sup.Ct.D.C.1880), the name of one witness was not given by the Government to the defendant until after the trial had

begun, yet the Government put this witness on the stand as part of its direct case. The Court there stated that the notice was not sufficient because not in conformity with the statute, thus giving the staute a "literal" meaning. However, the opinion was written on review, and since the defendant failed to allege or show that he had been prejudiced by the testimony of this witness, the Court held that its admission did not provide grounds for reversal. Of special interest is the concurring opinion of Mr. Justice Mac Arthur, at p. 177 et seq., who disagreed with the literal interpretation suggested for the statute by other members of the Court majority in the following words:

> "We are not to presume, however, that Congress in passing this act intended by it to deprive the prosecution of material testimony. The act was passed in view of a well-established practice, both in civil and criminal cases, that newly-discovered testimony was always the foundation for relief. * * * I apprehend that the Government, after using the utmost diligence and exercising the utmost good faith, may not be able to name all the witnesses previous to the commencement of the trial. And in some cases, perhaps, it would be impossible that the Government should be able to know all the facts that might be proved by a subsequent development of testimony."

It is apparent that Justice Mac Arthur's reasoned approach prevailed in the later *Schneider* case, and it conforms to the type of purpose analysis suggested by the Supreme Court in Logan v. United States, supra, when the prosecutor discovers new witnesses during the trial not known to him at the time the witness list was drawn up.

Other cases have held that the statutory section does not prevent the Government from putting on as rebuttal witnesses persons whose names were not included on the witness list given to defendant prior to trial. Goldsby v. United States, 160 U.S. 70, 16 S.Ct. 216, 40 L. Ed. 343 (1895); Gordon v. United States, 53 App.D.C. 154, 289 F. 552 (1923);

United States v. Rosenberg, 195 F.2d 583 (2d Cir. 1952), cert. denied 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687 (1952).

Considering that the Government in the case now before the Court could have offered this witness as a rebuttal witness, even if as a questionable rebuttal witness, in order to avoid the application of the statute on a narrow technical ground, it would seem unreasonable to read the statute as prohibiting the offering of the testimony as part of the Government's case in chief, which is where it properly belongs.

■ The purpose of the statute is to avoid surprise to the defendant and to allow his counsel adequate time to investigate and prepare for examination of the witnesses offered by the Government. That purpose has been fulfilled in this case by the allowance of four full days' notice. The Court, therefore, holds since the statutory purpose has been served, in conformity with United States v. Schneider, supra, and since the record shows that the Government has acted in good faith and with reasonable diligence with respect to the witness, the testimony of Bryant was properly received in evidence.